IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES BEDARD,

           Plaintiff,

           vs.                                   Case No. 11-1396-JTM

NATIONAL CASUALTY INSURANCE COMPANY
AND ROUSH TRUCKING COMPANY
INCORPORATED,

           Defendants.

MEMORANDUM AND ORDER

     Pro se plaintiff James Bedard brought the present action on December 16, 2011, claiming that defendants National Casualty Insurance Company and Roush Trucking colluded and conspired to deny insurance coverage in connection with a ten-year-old automobile accident. (Dkt. 1). The defendants have moved alternatively for dismissal or for summary judgment as to Bedard's claims on multiple grounds.

     The relevant facts are not disputed, at least as to the history of the litigation between the parties. Accordingly, the court treats the defendants' motion as one for summary judgment. (Dkt. 6, at ¶ 12). At the time of the December 7, 2001 accident, Bedard was driving a semi-tractor trailer rig owned by his employer, Roush Trucking, which had in effect an automobile liability policy, issued by National Casualty, with liability limits of $1,000,000. Bedard sought and obtained workers

compensation benefits, and settled a claim with the tortfeasor. He also filed a state action against National Casualty for underinsured motorist (UIM) benefits. The state court granted summary judgment to National Casualty, finding that Roush Trucking had limited its UIM coverage to $60,000.

Bedard appealed the summary judgment award, which was affirmed by the Kansas Court of Appeals on January 8, 2010. He then petitioned the Kansas Supreme Court for review. However, on February 13, 2009, Bedard filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq., and moved to dismiss his his attorney and submit a new Petition for Review. Bedard stated that he had "lost confidence" in counsel, and needed to correct "several discrepancies and misrepresentations of the facts in the case." At the direction of the court, Bedard's attorney confirmed the bankruptcy filing, and showed evidence that the trustee had instructed him to continue the appeal. The Kansas Supreme Court denied Bedard's Petition for Review on September 13, 2010.

The defendants seek dismissal of the action under the *Rooker-Feldman* doctrine, arguing that the court lacks complete diversity under 28 U.S.C. § 1332, as both Bedard and Roush Trucking are citizens of Kansas, and contend that Bedard fails to state a claim for relief under Fed.R.Civ.Pr. 12(b)(6). Specifically, defendants argue that Bedard's rambling and disjointed allegations — of a violation of due process by fraud and collusion to present false documents and testimony in the state court proceedings — fail to satisfy the requirements of a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). They contend that any claim of due process is precluded because such restrictions apply to governmental actions, and do not give rise

to independent claims against private parties, *see Martinez v. Roth*, 1995 WL 261127, *2 (10th Cir. 1995), and also because his claims are subject to *res judicata*.

In his Response to the Motion to Dismiss, Bedard implicitly recognizes the validity of the defendants' jurisdiction argument, asking that the court dismiss Roush Trucking from the action. (Dkt. 10, at 2).[1] Beyond this, Bedard conflates the defendants' arguments, arguing that "[a]ll the doctrines, the Rooker-Feldman, res judicata and collateral estoppel essentially say the same thing." (*Id*.). He then proceeds to a detailed review of various insurance documents, arguing that the defendants committed fraud.

Bedard provides no direct response to the defendants' argument that the present action is precluded by the *Rooker-Feldman* doctrine. The doctrine precludes federal courts from reviewing the decisions of state courts. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986). This is precisely what the plaintiff seeks here. Bedard has previously litigated the issue of UIM coverage in his state proceeding, and the claim is subject to dismissal. Dismissals under the *Rooker-Feldman* doctrine are ordinarily without prejudice, but the Tenth Circuit has recognized that in a proper case the court may reserve ruling on a *Rooker-Feldman* challenge and address additional defenses on the merits, as the jurisdictional bar is statutory rather than constitutional in nature.

---

[1] The plaintiff may voluntarily dismiss any claim under Fed.R.Civ.Pr. 41(a)(1)(A)(i) at any time prior to a defendant's answer or motion for summary judgment. As noted above, the Motion to Dismiss raises factual issues not addressed in the pleadings, and is effectively and properly treated as a motion for summary judgment. The plaintiff requests leave to dismiss Roush "[s]o the plaintiff can pursue a case at a later date in a State court." (Dkt. 11, at 3). The court finds that the interests of justice support a contemporaneous resolution of the defenses raised by the motion for summary judgment, and under Rule 41(a)(2) hereby denies plaintiff's request to dismiss Roush Trucking.

*Yancey v. Thomas*, 441 Fed.Appx. 552, 555 n. 3 (2011). Accordingly, the court will also address the additional arguments advanced by the defendants.

The court finds that these claims fail to state a claim for relief. Other than citing *Morrissey v. Brewer*, 408 U.S. 471 (1972) for the proposition that due process is a flexible concept, Bedard has supplied no response to the defendants' argument that due process does not generate any additional claim against private parties in the absence of state action. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). Further, Bedard provides no real response to the defendant's arguments that such claims are precluded by the effect of the state court decision.

Res judicata will bar a successive claim where a prior suit existed between the same parties and arising from the same cause of action, which ended in a judgment on the merits, and in which the parties had a full and fair opportunity to present their claims. *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255 (10th Cir. 1997). Collateral estoppel prevents the reargument of an issue identical to one presented by the same party in a prior, adjudicated action, so long as that party had a full and fair opportunity to address the issue. *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995).

Both doctrines are applicable here. Bedard was represented by counsel in the prior state action, and had a full and fair opportunity to present his arguments to the state courts. Following his bankruptcy, he independently attempted to present his theories of collusion and false documents to the Kansas Supreme Court. It chose to follow the arguments of his existing counsel, who was authorized by the trustee to continue his representation, and ultimately denied the petition for review.

IT IS ACCORDINGLY ORDERED this 23rd day of February, 2012, that the defendants' Motion for Summary Judgment (Dkt. 5) is granted, and the present action is dismissed.

  s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE